IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA JEROME MOORE, | : | Case No. 1:12-CV-0005 |
| | : | |
| Petitioner | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Andrew J. Smyser |
| RONNIE R. HOLT, et.al., | : | |
| | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM**

### February 22, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Andrew J. Smyser (Doc. 9), filed on February 2, 2012, which recommends that the petition for writ of habeas corpus filed by *pro se* Petitioner Ira Jerome Moore ("Petitioner" or "Moore") be denied and the case file closed. On February 13, 2012, Petitioner filed objections to the R&R. (Doc. 11). Accordingly, this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted, the Petitioner's objections overruled and the petition shall be denied.

I.      **FACTUAL BACKGROUND/PROCEDURAL HISTORY**

This *pro se* petition for writ of habeas corpus was filed on January 3, 2012. (Doc. 1). Petitioner is a federal inmate serving a 210-month term of imprisonment which is to be followed by a 3-year term of supervised release following his convictions for conspiracy to commit bank robbery, attempted bank robbery, and interstate transportation of a stolen vehicle. Petitioner was arrested, tried, convicted and sentenced on these charges and his conviction was affirmed by the United States Court of Appeals for the Eighth Circuit in May, 1999. Moore's current petition challenges the constitutionality of his sentence and contends that the supervised release portion of his sentence must be treated as probation and thus be absorbed into his 210-month prison. As a result of these alleged violations of both the Constitution of the United States and the "Constitution for the Nation Pennsylvania," Moore seeks his "immediate release" from prison. (Doc. 1).

On February 2, 2012, Magistrate Judge Smyser issued a R&R recommending that the relief sought in the petition be denied. Magistrate Judge Smyser notes that "'the term of supervised release commences on the day the person is released from imprisonment,'" (Doc. 9, quoting 18 U.S.C. § 3624(e)) and that "'supervised release does not run while an individual remains in the custody of the Bureau of Prisons.'" (Doc. 9, quoting *United States v. Johnson,* 529 U.S. 53, (2000)). Thus,

Magistrate Judge Smyser reasons that, contrary to the petitioner's assertion, a term of supervised release is not deducted from the term of imprisonment. Rather, the supervised release term begins after the term of imprisonment ends. Petitioner objects to the issuance of an "order" by Magistrate Judge Smyser because the Magistrate Judge is not an Article III judge. Further, Petitioner objects to the issuance of the R&R "under the statutory scheme."

## II.   STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.   DISCUSSION

We first note that Petitioner's objection to Magistrate Judge Smyser's "order" has no merit, as the Magistrate Judge is empowered to issue the instant Report and Recommendation pursuant to 28 U.S.C. § 636. Further, Petitioner appears to have misconstrued the filing fee for his petition in this Court with an offer to enter into some fictitious system in which unsuspecting petitioners relinquish their rights under the Constitution. We are unsure precisely where Petitioner derives his understanding of the fee system and habeas corpus process, but it is quite evident that Petitioner's objections stem from a complete misconception of the federal legal process.[1] Indeed, his arguments appear patently frivolous. It is abundantly clear that, after being convicted of the three aforementioned charges, Moore received a sentence consisting of a 210-month prison term followed by a permissible 3-year term of supervised release. Magistrate Judge Smyser correctly determined that the 3-year supervised release must not commence until the completion of the 210-month prison term. Based on the abundantly correct rationale set forth in the R&R, which we fully adopt, the petition will be denied. An appropriate order shall issue.

---

[1] Moore cites an article of unknown origin as the rationale for his objection to what he labels this Court's "offer to contract under the statutory scheme." (Doc. 11). The article advises the reader to couch all claims, appeals, and writs within constitutional law because statutory law "den[ies] the individual due process . . . [and,] when done under the color of constitutional law and over your objection, violates the anti-slavery laws." (Doc. 2).